IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| McLEOD HEALTH, INC., | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |
| | ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Cecelia Whitten ("Whitten") who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant McLeod Health, Inc. ("Defendant") subjected Whitten to illegal medical examinations in violation of the ADA. The Commission further alleges that Defendant placed Whitten on forced leave and discharged her on the basis of her disability, in violation of the ADA.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina. This lawsuit is being filed in the Florence Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Florence Division.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, a South Carolina non-profit corporation, has continuously been doing business in the State of South Carolina and the City of Florence, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

15. More than thirty days prior to the institution of this lawsuit, Whitten filed two charges with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

16. As more fully described below, from on or about July 12, 2012, through on or about February 12, 2013, Defendant engaged in unlawful employment practices at its medical

center in Florence, South Carolina, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112, by subjecting Whitten to illegal medical examinations in violation of the ADA, placing Whitten on forced leave, and discharging Whitten based on the basis of her disability, all in violation of the ADA.

17. Whitten has congenital orthopedic abnormalities, including missing bones and tendons in each leg and foot, a shortened right arm, and only three fingers on her right hand. Whitten's orthopedic abnormalities have caused her, since birth, to have difficulty standing for long periods, walking long distances, and keeping her balance. Whitten's orthopedic abnormalities substantially limit her in the use of her musculoskeletal system, including her walking and standing.

18. At all relevant times, Whitten was qualified to perform the essential functions of her job as a Communications Specialist. She had been successfully performing her job without an accommodation since her hire in or around 1984.

19. Between around April 7, 2012, and July 11, 2012, Whitten fell three times, once at work and twice outside of work. Following her fall on or about July 11, 2012, which occurred at lunch time, Whitten missed her afternoon's work hours while seeking medical treatment for a bruised arm. Whitten returned to work the following day.

20. The following day, on or about July 12, 2012, Whitten's supervisor required Whitten to submit to a medical examination in Defendant's Occupational Health department. The medical examination conducted of Whitten included questions about her fall, her physical condition, her prior use of a cane or walker, medications, and allergies. In addition, Whitten's blood pressure, pulse, and temperature were taken, and her physical, neurological, and psychiatric conditions were examined. At the completion of the medical examination, Defendant immediately placed Whitten on administrative leave (on or about July 12, 2012), with pay until

Whitten could undergo additional testing, including a worksite evaluation and a functional capacity exam.

21. On or about July 26, 2012, Defendant conducted a functional capacity exam of Whitten. During the functional capacity exam, which lasted approximately three and a half hours, a physical therapist required Whitten to do activities like walk with a cane, balance on one foot, go up and down a curb, sit at a desk and write a story, and carry one and two heavy valises while her heart rate and blood pressure were monitored. At the completion of the functional capacity exam, Occupational Health recommended accommodations that allegedly would allow Whitten to return to work, including limitation of Whitten's work assignments to a 10 mile vicinity surrounding the Florence Medical Center.

22. On or about August 5, 2012, Whitten completed a "reasonable accommodations" form at Defendant's request. Whitten was told by Defendant's Director of Occupational Health, to complete the form in conjunction with Defendant's evaluation of whether to allow Whitten to return to work. On the form, Whitten requested four accommodations, including that Defendant assist with selecting an appropriate assistive device, that Whitten have access to a parking location with no curb, that Whitten's desk chair be replaced with one with adjustable-height arms, and that her walking and standing duties be limited as much as possible.

23. On or about August 13, 2012, Defendant told Whitten that she could not return to work in her position as a Communications Specialist allegedly because Defendant could not accommodate Whitten in her position. On February 12, 2013, Defendant discharged Whitten upon the expiration of her leave under the Family and Medical Leave Act.

24. Defendant subjected Whitten to two unlawful medical examinations in violation of the ADA. Defendant did not have a business necessity for requiring Whitten to undergo the medical examinations. Moreover, the medical examinations were overly broad in that they

included the examination of matters unrelated to Whitten's ability to safely and successfully perform her job. Defendant also violated the ADA by placing Whitten on forced medical leave and ultimately discharging her because of her disability as Whitten was fully capable of safely and successfully performing her job duties at the time she was placed on leave and was discharged.

25. The effect of the practices complained of above has been to deprive Cecelia Whitten of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

26. The unlawful employment practices complained of above were intentional.

27. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Cecelia Whitten.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating on the basis of disability and from subjecting individuals to improper medical inquiries in violation of the ADA.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Cecelia Whitten whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

F. Order Defendant to make Cecelia Whitten whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

G. Order Defendant to make Cecelia Whitten whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

H. Order Defendant to pay Cecelia Whitten punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 11th day of September, 2014.

Respectfully submitted,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

By: *s/ Terri Hearn Bailey*
Terri Hearn Bailey (#3113)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC  29201
Phone:  (803) 929-3080
Email:  Terri.Bailey@usdoj.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney

KARA G. HADEN
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade St., Suite 400
Charlotte, NC 28202
Fax: (704) 954-6412

**ATTORNEYS FOR PLAINTIFF**