IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) | Civil Action No. 4:14-cv-3615-BHH |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| McLeod Health, Inc., | ) ) | |
| Defendant. | ) ) ) | |

This matter is before the Court on Defendants' motion to reconsider (ECF No. 70). For the reasons set forth herein, the motion to reconsider is granted in part and the case is remanded to the Magistrate Judge for consideration of the issues specified below.

## I.  BACKGROUND

This action arises out of Cecilia Whitten's ("Whitten") termination with Defendant McLeod Health, Inc. ("Defendant"). On September 11, 2014, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991, alleging that Defendant subjected Whitten to improper medical examinations and terminated her employment in violation of the ADA. The facts and procedural history of this case are set forth in detail in the Court's March 31, 2016 Order (ECF No. 64) granting in part and denying in part Defendant's Motion for Summary Judgment. In that Order, the Court dismissed the EEOC's claim that Defendant subjected Whitten to improper medical examinations in violation of the ADA and remanded to the Magistrate Judge for

consideration of Defendant's remaining arguments for summary judgment on the EEOC's wrongful termination claim. Specifically, the Court found that a reasonable jury could find the futile gesture doctrine applicable to these facts, and, therefore found "a genuine issue of material fact as to whether Whitten's failure to submit a doctor report was an act of bad faith that violated the interactive process." (ECF No. 64 at 18.)

On April 11, 2016, Defendant filed a motion to reconsider the Court's finding that summary judgment was not appropriate on the wrongful termination claim. (ECF No. 70.) Plaintiff filed a response on April 28, 2016, (ECF No. 74), to which Defendant replied on May 9, 2016 (ECF No. 75). This matter is ripe for review.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) governs the Court's reconsideration of interlocutory orders such as the one entered on March 31, 2016. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Rule 54(b) permits a district court to revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n*, 326 F.3d at 514-15. A district court's discretion to modify an interlocutory order under Rule 54(b) is broader than "the strict standards applicable to motions to alter or amend a final judgment under Rule 59(e) or for relief from judgment under Rule 60(b). The decision whether to reconsider a prior ruling is, instead, 'committed to the discretion of the district court.'" *AMCOL Sys., Inc. v. Lemberg Law,*

2

*LLC*, No. CV 3:15-3422-CMC, 2016 WL 613896, at *2 (D.S.C. Feb. 16, 2016) (quoting *Am. Canoe Ass'n*, 326 F.3d at 514-15).

Although the strict standards applicable to Rule 59 do not apply to motions brought under Rule 54(b), district courts within the Fourth Circuit routinely look to the standards of Rule 59 for guidance. *Poole v. Transcon. Fund Admin., Ltd.*, No. CV 6:12-2943-BHH, 2016 WL 301225, at *1 (D.S.C. Jan. 25, 2016) (collecting cases). "As with a motion under Rule 59, appropriate reasons for granting reconsideration under Rule 54 are: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (internal quotation marks omitted). "The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Am. Canoe Ass'n*, 326 F.3d at 515.

### III.  DISCUSSION

Citing testimony from Whitten in the record, Defendant argues that Whitten believed there was a possibility she could return to her job and that mere doubt cannot invoke the futile gesture doctrine. (ECF No. 70-1 at 3.) According to Defendant, Whitten's failure to engage in the requisite interactive process renders summary judgment proper on the wrongful termination claim. (*Id.* at 5.) Defendant further argues that Plaintiff has not pled a failure to accommodate claim and, therefore, such a claim should not have factored into the Court's analysis. (*Id.* at 5–7.)

Upon review, the Court believes that further analysis on the EEOC's wrongful termination claim and any potential failure to accommodate claim is necessary. Accordingly, the Court vacates the portion of the March 31, 2016 Order relating to these claims, specifically, pages sixteen through nineteen.  The Court further finds that the

limited briefs on the motion to reconsider do not adequately address these claims. Given that the initial order was interlocutory in nature, the Court remands this case to the Magistrate Judge for consideration of the merits of the EEOC's wrongful termination claim, as well as any failure to accommodate claim.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Reconsideration (ECF No. 70) is GRANTED IN PART and DENIED IN PART. The Court vacates the portion of its March 31, 2016 Order relating to the EEOC's wrongful termination claim and failure to accommodate claim, (ECF No. 64 at 16–19), and remands this case to the Magistrate Judge for consideration of these claims. Specifically, the Magistrate Judge should address the merits of the wrongful termination claim, with particular attention to the role of the futile gesture doctrine, as well as whether a failure to accommodate claim exists and survives summary judgment. To assist the Court, the parties are directed to submit supplemental briefing on these issues within thirty days from the issuance of this Order.

**IT IS SO ORDERED**.

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
November 18, 2016

4